*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 25, 2014          518403
_____

In the Matter of the Claim of
    GIOVANNI D. GIACALONE,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Garry and Devine, JJ.

_____


        Giovanni D. Giacalone, Merrick, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Gary
Leibowitz of counsel), for respondent.

_____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed April 22, 2013, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because he voluntarily left his employment without good cause.

        Claimant worked as a pet sales associate for the employer
for a short time during 2010, and resigned after the employer
told him that he was not selling enough puppies.  Upon filing for
unemployment benefits, claimant neglected to indicate that he had
worked for the employer and, thereafter, he received regular
unemployment insurance benefits, emergency unemployment
compensation benefits (see Pub L 110-252, tit IV, § 4001 et seq.,
122 US Stat 2323) and federal additional compensation benefits
(see 26 USC § 3304).  The Unemployment Insurance Appeal Board
ultimately determined that claimant voluntarily separated from
employment without good cause, made willful misrepresentations to
obtain benefits and was disqualified from receiving benefits.

The Board further charged claimant with a recoverable overpayment of $6,630.  Claimant appeals, and we affirm.

Substantial evidence supports the determination that claimant left his employment without good cause inasmuch as quitting a job in anticipation of discharge does not constitute good cause for resignation, and continuing work was available to claimant (see e.g. Matter of Jackson [Tect Utica–Commissioner of Labor], 107 AD3d 1183 [2013]).  "[W]hether a claimant ha[s] made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and [such decision] will be upheld if supported by substantial evidence" (Matter of Smith [Commissioner of Labor], 107 AD3d 1287, 1288 [2013] [internal quotation marks and citation omitted]).  Although claimant asserts that he was confused and made an honest mistake in not listing the employer when certifying for benefits, "a willful misrepresentation may be found even where the false statement was not made intentionally or was the result of confusion" (Matter of Crist [Commissioner of Labor], 113 AD3d 1016, 1017 [2014]).  In any event, as the Board determined, claimant's assertion that he could not remember the basic facts surrounding his employment when he certified for benefits approximately one month after quitting lacks credibility, and substantial evidence supports the Board's finding that claimant made willful misrepresentations (see id. at 1017-1018; Matter of Smith [Commissioner of Labor], 107 AD3d at 1288).

Claimant's remaining arguments have been considered and are either unpreserved, contrary to the record or otherwise lacking in merit.

Lahtinen, J.P., Stein, McCarthy, Garry and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court